# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVELYN "EVIE" PARTS, | : | CIVIL ACTION |
| | : | |
| PLAINTIFF, | : | |
| v. | : | No. 2:25-CV-04702-CMR |
| | : | |
| SWARTHMORE COLLEGE, PETER CARROLL, VALERIE GOMEZ, BRAD KOCH AND CHRISTINA EPPS-CHIAZOR and NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, | : : : : : | |
| | : | |
| DEFENDANTS. | : : | |

**DEFENDANT NATIONAL COLLEGIATE ATHLETIC ASSOCIATION'S**
<u>**MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**</u>

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................................. 1
II. PROCEDURAL HISTORY AND STATEMENT OF ALLEGED FACTS ........................... 2
III. LEGAL STANDARD ...................................................................................................... 3
IV. ARGUMENT ................................................................................................................... 3
    A. Plaintiff Fails to State a Claim for Intentional Infliction of Emotional Distress ............ 3
    B. Plaintiff Fails to State a Claim for Civil Conspiracy ....................................................... 6
V. THE CLAIMS AGAINST THE NCAA SHOULD BE DISMISSED WITH PREJUDICE ... 8
VI. CONCLUSION................................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**   **Page(s)**

*Angus v. Shiley, Inc.*,
 989 F.2d 142 (3d Cir. 1993) ............................................................................................. 10, 11

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ................................................................................................................ 8

*Banyas v. Lower Bucks Hospital*,
 293 Pa. Super. 122, 437 A.2d 1236 (Pa. Super. 1981) ........................................................... 9

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ................................................................................................................ 8

*Bello v. Cap. One Bank USA N.A.*,
 2024 U.S. App. LEXIS 13078 (3d Cir. May 31, 2024) ......................................................... 13

*Bernard v. E. Stroudsburg Univ.*,
 700 F. App'x 159 (3d Cir. 2017) ........................................................................................... 11

*Bro-Tech Corp. v. Thermax, Inc.*,
 651 F. Supp. 2d 378 (E.D. Pa. 2009) (Rufe, J.) ................................................................. 6, 13

*Brown v. Am. Airlines, Inc.*,
 723 F. Supp. 3d 411 (E.D. Pa. 2024) .................................................................................. 6, 10

*Chuy v. Philadelphia Eagles Football Club*,
 595 F.2d 1265 (3d. Cir. 1979) ................................................................................................. 9

*Davis v. Wigen*,
 76 F.4th 246 (3d Cir. 2023) ................................................................................................ 6, 10

*Davis v. Wigen*,
 82 F.4th 204 (3d Cir. 2023) .................................................................................................. 8, 9

*Dempsey v. Bucknell Univ.*,
 No. 4:11-cv-1679, 2012 U.S. Dist. LEXIS 62043 (M.D. Pa. May 3, 2012) .......................... 12

*Dichter v. City of Philadelphia*,
 No. 2:14-cv- 5611, 2015 U.S. Dist. LEXIS 43442 (E.D. Pa. Apr. 1, 2015) ..................... 11, 12

*Gen. Refractories Co. v. Fireman's Fund Ins. Co.*,
 337 F.3d 297 (3d Cir. 2003) .................................................................................................. 11

*Geraghty v. E. Bradford Twp.*,
 584 F. Supp. 3d 10 (E.D. Pa. 2022) ......................................................................................... 9

*Gonzalez v. CNA Ins. Co.*,
  717 F. Supp. 1087 (E.D. Pa. 1989) ...................................................................................13

*Hawley v. Salamon*,
  No. 3:25-CV-0728, 2025 U.S. Dist. LEXIS 145211 (M.D. Pa. July 29, 2025) ..................6, 11

*Hoy v. Angelone*,
  554 Pa. 134, 720 A.2d 745 (Pa. 1998) ................................................................................9

*Hutcherson v. Pa. Interscholastic Ath. Ass'n*,
  No. 23-1785, 2024 U.S. Dist. LEXIS 176777 (W.D. Pa. Sep. 30, 2024) ...............................10

*Johnson v. Caparelli*,
  425 Pa. Super. 404, 625 A.2d 668 (Pa. Super. 1993) ...........................................................9

*Jutrowski v. Township of Riverdale*,
  904 F.3d 280 (3d Cir. 2018) ...............................................................................................11

*Lane v. Cole*,
  88 F. Supp. 2d 402 (E.D. Pa. 2000) ...................................................................................10

*N. Penn Towns, LP v. Concert Golf Partners, LLC*,
  554 F. Supp. 3d 665 (E.D. Pa. 2021) .................................................................................12

*NRA Grp., LLC v. Durenleau*,
  _ F.4th _, 2025 U.S. App. LEXIS 25992 (3d Cir. Oct. 7, 2025) .................................6, 12, 13

*Papieves v. Lawrence*,
  437 Pa. 373, 263 A.2d 118 (Pa. 1970) ................................................................................9

*Parker v. Cenlar FSB*,
  No. CV 20-02175, 2021 WL 22828 (E.D. Pa. Jan. 4, 2021) ..................................................10

*Sarpolis v. Tereshko*,
  26 F. Supp. 3d 407 (E.D. Pa. June 17, 2014) .....................................................................12

*Scully v. US WATS, Inc.*,
  238 F.3d 497 (3d Cir. 2001) ...............................................................................................11

*Sheridan v. NGK Metals Corp.*,
  609 F.3d 239 (3d Cir. 2010) .................................................................................................8

*Stewart v. Kinch*,
  No. CIV.A. 12-1509, 2012 WL 6645547 (E.D. Pa. Dec. 21, 2012) ......................................11

*United States v. Union Corp.*,
  194 F.R.D. 223 (E.D. Pa. 2000) .........................................................................................13

*Yurchak v. Atkinson & Mullen Travel, Inc.*,
    207 F. App'x 181 (3d Cir. 2006) ...........................................................................................8

**Statutes, Rules & Regulations**

20 U.S.C. § 1681(a) ...............................................................................................................6, 8

Fed. R. Civ. P. 12(b)(6)..................................................................................................8, 13, 14

I.      INTRODUCTION

Plaintiff Evelyn Parts alleges that Swarthmore College barred her from its women's track and field team for two months in 2025. In Count I, Plaintiff accuses Swarthmore of violating Title IX (20 U.S.C. § 1681(a)). Plaintiff also named the National Collegiate Athletic Association ("NCAA") in her lawsuit but does not claim that the NCAA violated Title IX. Instead, Plaintiff brings common law claims against the NCAA for intentional infliction of emotional distress ("IIED") and civil conspiracy because "the NCAA acted in concert with the other defendants with the common purpose of discrimination." (Compl., ECF No. 1, ¶ 37). The Court should dismiss both claims against the NCAA.

First, Plaintiff's IIED claim fails because the NCAA's conduct is "not the sort of behavior that is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.'" *Davis v. Wigen*, 76 F.4th 246, 259 (3d Cir. 2023) (citation omitted). The crux of Plaintiff's claim is alleged discrimination, but courts in this District have repeatedly held that discrimination alone "does not meet the 'extreme and outrageous conduct' standard necessary to state a claim for intentional infliction of emotional distress" under Pennsylvania law. *See, e.g.*, *Brown v. Am. Airlines, Inc.*, 723 F. Supp. 3d 411, 423-24 (E.D. Pa. 2024) (internal citation omitted).

Second, Plaintiff's civil conspiracy claim fails in three ways: (1) Plaintiff does not allege an agreement among the Defendants; (2) Plaintiff does not allege a malicious intent to harm her; and (3) Plaintiff's other claims fail, and civil conspiracy cannot stand on its own. *See, e.g.*, *NRA Grp., LLC v. Durenleau*, _ F.4th _, 2025 U.S. App. LEXIS 25992, at *34-35 (3d Cir. Oct. 7, 2025); *Hawley v. Salamon*, No. 3:25-CV-0728, 2025 U.S. Dist. LEXIS 145211, *14 (M.D. Pa. July 29, 2025); *Bro-Tech Corp. v. Thermax, Inc.*, 651 F. Supp. 2d 378, 418 (E.D. Pa. 2009) (Rufe, J.). Plaintiff alleges nothing against the NCAA more than that its Board of Governors voted to update

1

its transgender student-athlete participation policy effective February 6, 2025. The new policy is applicable to all its member schools across the nation, and Plaintiff does not, and indeed, cannot allege any specific agreement with Swarthmore to violate the law.

## II.     PROCEDURAL HISTORY AND STATEMENT OF ALLEGED FACTS

On August 14, 2025, Plaintiff filed the instant Complaint against Swarthmore College, four Swarthmore College employees, and the NCAA. According to the Complaint, Plaintiff is a transgender student-athlete who was a member of the Swarthmore College women's track team while a Swarthmore student. (Compl. ¶¶ 2-3, 41-55).

The Complaint alleges that, on February 6, 2025, the NCAA "issued the *Participating Policy for Transgender Student Athletes*."[1] (*Id.* at ¶ 4). It alleges that the participation policy applied to all member schools, although it allegedly included a statement that "[s]chools are subject to local, state and federal legislation and such legislation supersedes the rules of the NCAA." (*Id.* at ¶¶ 5-6).

The Complaint alleges that Swarthmore's general counsel and Title IX leadership conducted an analysis of Title IX and state law. (*Id.* at ¶¶ 58, 60, 67). On February 12, 2025, Swarthmore allegedly communicated to Plaintiff that it was choosing to follow the NCAA policy and prohibit Plaintiff from representing Swarthmore's women's track team at meets. (*Id.* at ¶¶ 7, 63, 64). Two

---

[1] Although immaterial to granting this motion, the NCAA's member schools and conferences promulgate their own rules, policies, and eligibility standards consistent with legislative and governance processes established by the membership. Through this process, the Board of Governors voted to update the participation policy. *See* https://www.ncaa.org/news/2025/2/6/media-center-ncaa-announces-transgender-student-athlete-participation-policy-change.aspx. The Board of Governors' vote took place the day after President Trump's Executive Order 14201, "Keeping Men Out of Women's Sports." *See* https://www.whitehouse.gov/presidential-actions/2025/02/keeping-men-out-of-womens-sports/.

2

months later, on April 11, 2025, Swarthmore allegedly reinstated Plaintiff to compete on the women's track team, which she did until her graduation in May 2025. (*Id.* ¶¶ 12-13, 90-93).

Plaintiff asserts three claims in the Complaint: (1) that Swarthmore College violated Title IX (20 U.S.C. § 1681(a)) (Count I); (2) that all defendants intentionally inflicted emotional distress upon her (Count II); and (3) that all the defendants have engaged in a civil conspiracy against her (Count III). (*Id.* at ¶¶ 94-111).

### III. LEGAL STANDARD

A complaint must be dismissed on a Fed. R. Civ. P. 12(b)(6) motion if it does not allege sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court is not bound to assume the truth of legal conclusions or bald assertions merely because they are stated in the form of factual allegations. *Twombly*, 550 U.S. at 555; *Yurchak v. Atkinson & Mullen Travel, Inc.*, 207 F. App'x 181, 183 (3d Cir. 2006).

### IV. ARGUMENT

#### A. Plaintiff Fails to State a Claim for Intentional Infliction of Emotional Distress

Plaintiff fails to state an IIED claim because (1) she does not adequately allege intentional outrageous or extreme conduct by the NCAA, and (2) she does not allege that the NCAA directed such conduct to Plaintiff specifically.

*First*, as a matter of Pennsylvania law, Plaintiff cannot show that the NCAA's conduct was "outrageous or extreme" as to establish an IIED claim. *See Davis v. Wigen*, 82 F.4th 204, 216 (3d Cir. 2023) (affirming dismissal of an IIED claim because conduct "d[id] not rise to [the] level" necessary to state an IIED claim). A court should dismiss an IIED claim when the "Defendants'

3

conduct is not the sort of behavior that is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.'" *Id.* (quoting *Hoy v. Angelone*, 554 Pa. 134, 720 A.2d 745, 754 (Pa. 1998)). The Pennsylvania Supreme Court has been "chary to allow" IIED claims and, in setting the very high bar a plaintiff must meet to state an IIED claim, has cautioned that it is not "enough that the defendant has acted with intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort." *Hoy*, 554 Pa. at 151 (citations omitted).

The Court should determine as a matter of law "in the first instance whether the defendant's conduct may reasonably be regarded as so extreme and outrageous to permit recovery." *Johnson v. Caparelli*, 425 Pa. Super. 404, 412, 625 A.2d 668, 671 (Pa. Super. 1993). Courts engaging in that analysis have rarely permitted IIED claims to move forward and have observed that they may do so "in only very egregious cases," *Geraghty v. E. Bradford Twp.*, 584 F. Supp. 3d 10, 20-21 (E.D. Pa. 2022). The level of egregiousness must be akin to allegedly concealing a child's death, *see Papieves v. Lawrence*, 437 Pa. 373, 263 A.2d 118 (Pa. 1970), fabricating records to suggest a homicide, *see Banyas v. Lower Bucks Hospital*, 293 Pa. Super. 122, 437 A.2d 1236 (Pa. Super. 1981), or making a public announcement of a fatal medical diagnosis that a physician knew was false, *see Chuy v. Philadelphia Eagles Football Club*, 595 F.2d 1265 (3d. Cir. 1979) (finding the physician's actions constituted "intolerable professional conduct").

In the context of lawsuits alleging discrimination, "[c]ourts applying Pennsylvania law have repeatedly found that allegations of . . . discrimination, even when coupled with retaliatory conduct, do not meet the 'extreme and outrageous conduct' standard necessary to state a claim of

4

IIED." *Parker v. Cenlar FSB*, No. CV 20-02175, 2021 WL 22828, *6 (E.D. Pa. Jan. 4, 2021) (dismissing IIED claim); *see also Brown v. Am. Airlines, Inc.*, 723 F. Supp. 3d 411, 423-24 (E.D. Pa. 2024) (Padova, J.) ("Invidious discrimination is not alone sufficient to support an intentional infliction of emotional distress claim.") (quoting *Lane v. Cole*, 88 F. Supp. 2d 402, 406 (E.D. Pa. 2000). Indeed, the Western District of Pennsylvania has recently ruled that an allegation of discrimination related to student-athlete participation "fails to state a plausible claim for . . . IIED." *Hutcherson v. Pa. Interscholastic Ath. Ass'n*, No. 23-1785, 2024 U.S. Dist. LEXIS 176777, *6 (W.D. Pa. Sep. 30, 2024).

Plaintiff's allegations that the NCAA discriminated against her by virtue of a participation policy do not come close to being so outrageous and extreme as to be "beyond all possible bounds of decency." *Davis*, 76 F.4th at 259. Plaintiff's scant allegations against the NCAA state that "the NCAA acted in concert with the other defendants with the common purpose of discrimination against Evie be [sic] excluding Evie from competing for Swarthmore College . . . because she is a transgender woman." (Compl. ¶ 37; *see also id.* at ¶ 64 ("the College continued to implement the discriminatory policy of the NCAA")). But alleging discrimination is not enough to sustain an IIED claim.

***Second***, the Court should dismiss the IIED claim because Plaintiff does not allege that the NCAA's conduct was intentionally directed at her personally. In *Angus v. Shiley, Inc.*, 989 F.2d 142, 147 (3d Cir. 1993), the Third Circuit refused to permit an IIED claim in a products liability case in which "the alleged wrongdoing was directed at a class of consumers rather than a particular plaintiff." The court emphasized that Pennsylvania IIED cases arose "in narrow situations involving particular plaintiffs in which defendants were accused of wrongful conduct either ***aimed specifically at*** the plaintiffs or likely to have a special impact on them as distinguished from

5

a large group of persons." *Id.* (emphasis added). Here, Plaintiff does not and cannot show that the alleged "discriminatory policy of the NCAA" was created specifically for her. Just the opposite. Plaintiff alleges that the policy applied to all of the NCAA's member institutions nationwide. (*See* Compl. ¶¶ 4-6). Plaintiff's IIED claim therefore fails.

      B.      **Plaintiff Fails to State a Claim for Civil Conspiracy**

Plaintiff's civil conspiracy claim against the NCAA fails for three independent reasons.

***First,*** the Complaint fails to allege the NCAA entered into an agreement with any of the other Defendants to act "with a common purpose" to violate the law, which is a required element under Pennsylvania law. *Gen. Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 313 (3d Cir. 2003); *see also Scully v. US WATS, Inc.,* 238 F.3d 497, 516 (3d Cir. 2001). In other words, Plaintiff has not alleged a "meeting of the minds." *Bernard v. E. Stroudsburg Univ.*, 700 F. App'x 159, 165 n. 5 (3d Cir. 2017). "A plaintiff must do more than show that the . . . actors might have had a common goal or acted in concert, but must allege with sufficient particularity and specific material facts that the defendants reached some understanding or agreement." *Dichter v. City of Philadelphia*, No. 2:14-cv- 5611, 2015 U.S. Dist. LEXIS 43442, *36 (E.D. Pa. Apr. 1, 2015). Here, Plaintiff only makes the conclusory assertion that "[a]t all times relevant to the present action, the NCAA acted in concert with the other defendants for the common purpose of discrimination" against Plaintiff. (Compl. ¶ 37). The Third Circuit and district courts have uniformly confirmed that this sort of recitation of "talismanic phrases like 'conspire' and 'act in concert'" are insufficient. *Hawley v. Salamon*, No. 3:25-CV-0728, 2025 U.S. Dist. LEXIS 145211, *14 (M.D. Pa. 2025) (quoting *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 295 (3d Cir. 2018)); *see also Stewart v. Kinch*, No. CIV.A. 12-1509, 2012 WL 6645547, at *9 (E.D. Pa. Dec. 21, 2012) (dismissing civil conspiracy claims for making only conclusory assertions that defendants "conspired among themselves" and acted "in concert").

Moreover, the facts alleged in the Complaint describe the antithesis of an agreement: according to Plaintiff's own allegations, the NCAA and Swarthmore acted *independently*. Plaintiff alleges that the NCAA did nothing more than have an updated national participation policy, which applied to all member schools and was not targeted at either Plaintiff or Swarthmore specifically. (Compl. ¶¶ 4-6). Plaintiff then alleges that Swarthmore independently "chose" to implement the policy after its general counsel and Title IX leadership conducted an independent evaluation of Title IX and state laws. (*E.g., id.* at ¶¶ 7, 58, 60, 63, 67). The arms-length and discordant nature of the two communications between the NCAA and Swarthmore alleged in the Complaint further undercuts any conclusion that there was an agreement between them. (Compl., ¶¶ 64, 75). Plaintiff's allegation that Swarthmore changed course and reinstated Plaintiff to its women's track team only two months later, diverging from the NCAA policy, further belies the existence of any conspiracy. (*Id.* at ¶ 90). At most, Plaintiff has alleged that the Defendants took similar actions, which is insufficient for Plaintiff's civil conspiracy claim to survive. *See, e.g.*, *Dichter v. City of Philadelphia*, No. 2:14-cv- 5611, 2015 U.S. Dist. LEXIS 43442, *36 (E.D. Pa. Apr. 1, 2015); *Dempsey v. Bucknell Univ.*, No. 4:11-cv-1679, 2012 U.S. Dist. LEXIS 62043, at *38 (M.D. Pa. May 3, 2012).

**Second**, Plaintiff has not met the "demanding standard" of alleging that "malicious intent" is the "sole purpose" of the conspiracy. *NRA Grp., LLC v. Durenleau*, _ F.4th _, 2025 U.S. App. LEXIS 25992, at *34-35 (3d Cir. Oct. 7, 2025). In this District, "[c]ourts routinely dismiss civil conspiracy claims where the plaintiff failed to allege that the defendants acted maliciously or acted with the sole intent to injure him or her." *N. Penn Towns, LP v. Concert Golf Partners, LLC*, 554 F. Supp. 3d 665, 713 (E.D. Pa. 2021) (collecting cases); *see also Sarpolis v. Tereshko*, 26 F. Supp. 3d 407, 423-24 (E.D. Pa. June 17, 2014) (dismissing civil conspiracy claim for same reason). Here,

7

Plaintiff does not even attempt to allege that the NCAA implemented a policy for the sole purpose of injuring Plaintiff. Nor could she, because she admits through her allegations that the broad change in policy applied to all member schools. (Compl. ¶ 6).

***Third***, civil conspiracy under Pennsylvania common law "must be based upon an independent underlying civil cause of action." *NRA Grp.*, _ F.4th _, 2025 U.S. App. LEXIS 25992, at *35 (quoting *Bro-Tech*, 651 F. Supp. 2d at 418). As discussed above, Plaintiff fails to state a claim for IIED. Moreover, Plaintiff does not assert her Title IX claim against the NCAA, and as discussed in Swarthmore's separate motion to dismiss, that claim is also insufficiently pleaded against Swarthmore. For each of these independent reasons, the Court should dismiss Plaintiff's claim for civil conspiracy.

## V. THE CLAIMS AGAINST THE NCAA SHOULD BE DISMISSED WITH PREJUDICE

Both of Plaintiff's claims against the NCAA should be dismissed with prejudice. "It is common practice of courts within this district to dismiss with prejudice claims that cannot be replead." *United States v. Union Corp.*, 194 F.R.D. 223, 236 (E.D. Pa. 2000). Claims cannot be replead when "amendment would be futile," such as when "dismissal is based, in whole or in part, on the legal insufficiency of the claim." *Id.* at 237. "In a case of legal insufficiency, even the pleading of additional facts, or the pleading of facts with greater particularity, would not enable the claim to survive a Rule 12(b)(6) motion, because the defect in the pleading is the absence of any legal basis for recovery on the claim." *Id.; see also, e.g., Bello v. Cap. One Bank USA N.A.*, 2024 U.S. App. LEXIS 13078, *4 (3d Cir. May 31, 2024) (leave to amend may be denied if amendment would be futile).

Because the NCAA Board of Governors' implementation of a transgender participation policy could never rise to the level of outrageousness necessary to support an IIED claim, any

8

amendment would be futile. *See Gonzalez v. CNA Ins. Co.*, 717 F. Supp. 1087, 1089 (E.D. Pa. 1989) (dismissing IIED claim with prejudice on similar basis). Similarly, no amendment could save Plaintiff's civil conspiracy claim because Plaintiff cannot plead any agreement to violate the law, malicious intent, or underlying civil violation. Plaintiff's own allegations foreclose any plausibility that the NCAA entered into an agreement to violate the law with the sole intent to maliciously injure Plaintiff.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff's claims against the NCAA should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: October 27, 2025

Respectfully submitted,

Counsel for Defendant National Collegiate Athletic Association

/s/ Katharine M. Ladd
Katharine M. Ladd
PA Bar No. 323376
FAEGRE DRINKER BIDDLE & REATH LLP
1 Logan Square # 2000
Philadelphia, PA 19103
Telephone: (215) 988-2841
Facsimile: (215) 988-2757
Email: katie.ladd@faegredrinker.com

Tania Kazi (Rice) (admitted *pro hac vice*)
ALSTON & BIRD LLP
55 2nd Street, Suite 2100
San Francisco, CA 94105
Telephone: (415) 243-1064
Email: tania.kazi@alston.com

/s/ Cari K. Dawson
Cari K. Dawson (admitted *pro hac vice*)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7766
Email: cari.dawson@alston.com

Christopher C. Marquardt (admitted *pro hac vice*)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7827
Email: chris.marquardt@alston.com

## CERTIFICATE OF SERVICE

      I, Katharine M. Ladd, hereby certify that on October 27, 2025, I caused a true and correct copy of the foregoing document to be sent electronically to all counsel of record via the ECF system.

                                                /s/ Katharine M. Ladd
                                                Katharine M. Ladd

                                                *Counsel for Defendant*
                                                *National Collegiate Athletic Association*